People v O'Neill (2019 NY Slip Op 04055)





People v O'Neill


2019 NY Slip Op 04055


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

109533

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
PAUL L. O'NEILL, Appellant.

Calendar Date: May 2, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


John A. Cirando, Syracuse, for appellant.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered January 12, 2016, convicting defendant upon his plea of guilty of the crimes of course of sexual conduct against a child in the first degree and use of a child in a sexual performance.
Defendant waived indictment, agreed to plead guilty to a superior court information charging him with use of a child in a sexual performance and course of sexual conduct against a child in the first degree and, consistent with the terms of that plea agreement, was sentenced to an aggregate prison term of 15 years followed by 20 years of postrelease supervision; upon defendant's appeal, this Court affirmed (People v O'Neill, 116 AD3d 1240 [2014]). Thereafter, defendant moved for a writ of error coram nobis alleging that appellate counsel was ineffective for failing to challenge the superior court information as jurisdictionally defective; in response, this Court granted the motion, reinstated the appeal, vacated the plea and remitted the matter for further proceedings (People v O'Neill, 129 AD3d 1382 [2015]).
Following this Court's remittal, defendant again waived indictment and ultimately agreed to plead guilty to a superior court information with the understanding that he would be sentenced to a prison term of 10 years — followed by 20 years of postrelease supervision — upon his conviction of course of sexual conduct against a child in the first degree and to a prison term of 5 to 15 years upon his conviction of use of a child in a sexual performance, said sentences to run concurrently. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the terms of the plea agreement, and County Court imposed the contemplated concurrent sentences. This appeal ensued.
We affirm. Although both the oral and written explanation of the waiver of appeal could have been expressed with greater clarity, defendant was aware that the waiver of appeal was part of his plea agreement (see People v Jawan, 165 AD3d 1350, 1350 [2018], lv denied 32 [*2]NY3d 1173 [2019]; People v Larose, 160 AD3d 1215, 1216 [2018], lv denied 31 NY3d 1150 [2018]), he executed a written waiver in open court, wherein he agreed to waive his right to appeal his conviction and sentence, and, in response to County Court's inquiries, he indicated that he had read the written waiver, understood its terms, had discussed the waiver with counsel and had no questions relative thereto (see People v Horton, 167 AD3d 1166, 1167 [2018]; People v Jawan, 165 AD3d at 1350). Under these circumstances, we find that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v Adams, 165 AD3d 1343, 1344 [2018]; People v White, 156 AD3d 1249, 1249-1250 [2017], lv denied 31 NY3d 988 [2018]). Accordingly, defendant's claim that the agreed-upon sentences imposed are harsh and excessive is precluded (see People v Taft, 169 AD3d 1266, 1267 [2019]; People v Chapman, 168 AD3d 1315, 1316 [2019]).
Defendant's challenge to the factual sufficiency of his plea is precluded by his valid appeal waiver (see People v Peryea, 169 AD3d 1120, 1121 [2019], lv denied ___ NY3d ___ [Apr. 2, 2019]; People v Letohic, 166 AD3d 1223, 1223 [2018], lv denied 32 NY3d 1174 [2019]), and his assertion that his plea was involuntary is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Johnson, 170 AD3d 1274, 1275 [2019]; People v Castro, 170 AD3d 1286, 1288 [2019]). Further, as the record does not reflect that defendant made any statements that were inconsistent with his guilt, negated an element of the charged crimes or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement was not triggered (see People v Freeman, 169 AD3d 1115, 1116 [2019]; People v Tucker, 164 AD3d 948, 950 [2018]). In any event, any ambiguity regarding the net effect of the concurrent sentences to be imposed was clarified during the plea colloquy. Finally, although defendant now contends that he was not apprised of the possibility of civil confinement until the conclusion of the sentencing proceeding, this claim, which contradicts defendant's on-the-record representations to County Court, is unpreserved (see People v Madden, 112 AD3d 740, 741 [2013]). Were we to address this issue, we would note that the possibility of civil confinement is a collateral consequence of defendant's guilty plea and, as such, County Court's failure to address this issue prior to accepting defendant's plea would not render such plea involuntary under the circumstances presented here (see People v Harnett, 16 NY3d 200, 205-206 [2011]; People v Madden, 112 AD3d at 741). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.